## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## CASE NO.: 2:18-cv-00076-UA-MRM

LESLEY HOLMAN, as plenary guardian )
of VIVIANA PEDRO, DOMINGO )
PEREZ TROY, as father and natural )
guardian of J█████ A█████████ P████- )
P█████, a minor, and MARIA PEDRO )
RUPERTO, individually, )
)
          Plaintiffs, )
   *vs*. )
)
UNITED STATES OF AMERICA, )
ANESTHESIA & PAIN CONSULTANTS )
OF SOUTHWEST FLORIDA, M.D. P.A., )
a Florida Corporation, RICARDO )
BORNACELLI- VERGARA, M.D., )
ROSALIE PIRRONE, ARNP, and LEE )
MEMORIAL HEALTH SYSTEM, n/k/a )
LEE HEALTH, d/b/a GULF COAST )
MEDICAL CENTER, )
)
          Defendants. )
)
)

## AMENDED COMPLAINT FOR MEDICAL NEGLIGENCE
## UNDER THE FEDERAL TORT CLAIMS ACT AND FLORIDA LAW

Plaintiffs, LESLEY HOLMAN, as plenary guardian of VIVIANA PEDRO,

DOMINGO PEREZ TROY, as father and natural guardian of J█████ A█████████

P████-P█████, a minor, and MARIA PEDRO RUPERTO, individually, by and

through undersigned counsel, hereby file this Amended Complaint against Defendants,

UNITED STATES OF AMERICA, ANESTHESIA & PAIN CONSULTANTS OF

SOUTHWEST FLORIDA M.D., P.A., a Florida Corporation, RICARDO

BORNACELLI-VERGARA M.D., ROSALIE PIRRONE, ARNP and LEE MEMORIAL HEALTH SYSTEM n/k/a LEE HEALTH d/b/a GULF COAST MEDICAL CENTER, and state as follows:

## PARTIES. JURISDICTION AND VENUE

1.      This is an action against Defendant, United States of America, under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence in connection with medical care provided to VIVIANA PEDRO by FAMILY HEALTH CENTERS OF SOUTHWEST FLORIDA, INC. (hereinafter "FAMILY HEALTH"), a Federally Supported Health Center. As outlined below, FAMILY HEALTH falls under the Federal Tort Claims Act.

2.      The claims herein are brought against the UNITED STATES OF AMERICA pursuant to the Federally Supported Health Centers Assistance Act of 1992, Public Law No. 102-501, 42 U.S.C. §233(g)(k), and the amended Federally Supported Health Centers Assistance Act of 1995, Public Law No. 104-73, 42 201, which provide that the Federal Tort Claims Act, 28 U.S.C U.S.C. §1346 (b), 2401(b) and 2671-80, is the exclusive remedy for injuries caused by employees of a deemed community Health Center.

3.      Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

4.      This suit has been timely filed. Plaintiffs timely served notices of their claims upon the United States Department of Justice less than two years after the incident forming the basis of this suit (See Forms 95 attached hereto as Composite Exhibit "A").

5.      Plaintiffs file this Complaint pursuant to 28 U.S.C. §2401(b) since they did not receive an official denial from the United States Department of Justice after waiting more than six months after serving notices upon the United States Department of Justice.

6.      At all times material hereto, VIVIANA PEDRO was a resident of Lee County, Florida. Accordingly, the proper venue for this action is the Federal Middle District of Florida.

7.      LESLEY HOLMAN has been appointed plenary guardian of VIVIANA PEDRO by Lee County Circuit Court (See Exhibit "B").

8.      VIVIANA PEDRO is the natural mother of J████ A███████ P████-P████ and the natural daughter of MARIA PEDRO RUPERTO.

9.      At all times material hereto, FAMILY HEALTH was deemed a community health center and was conducting business in Lee County, Florida, by providing medical care and treatment to the public, including VIVIANA PEDRO.

10.      At all times material hereto, FAMILY HEALTH held itself out to the public as a health care provider having the facilities, staff and trained personnel to treat patients such as VIVIANA PEDRO.

11.     At all times material hereto, JEFFREY L. GARNER, M.D. (referred to as "GARNER"), JILL ELLEN EDWARDS CNM (referred to as "EDWARDS"), and MONICA L. RODRIGUEZ, CNM (referred to as "RODRIGUEZ") were employed by FAMILY HEALTH, a Federally Supported Health Center and therefore, also fall under the Federal Tort Claims Act.

12.     VIVIANA PEDRO's claim is also brought pursuant to Florida's medical negligence law, Chapters 766 and 768 of the Florida Statutes.

13.     At all times material hereto, Defendant, ANESTHESIA & PAIN CONSULTANTS OF SOUTHWEST FLORIDA M.D., P.A. (hereinafter "ANESTHESIA") was a Florida Corporation conducting business in Lee County, Florida, and was in the business of providing anesthesia services to the public, including VIVIANA PEDRO.

14.     At all times material hereto, Defendant, ANESTHESIA, held itself out to the public as a health care provider having the facilities, staff and trained personnel to treat patients such as VIVIANA PEDRO.

15.     At all times material hereto, Defendant, RICARDO BORNACELLI-VERGARA M.D. was a physician practicing in Lee County, Florida, and holding himself out to the public, including VIVIANA PEDRO, as an anesthesiologist possessing the same skill and expertise in the field as any other anesthesiologist in Lee County, Florida, or any other similar community.

16.    At all times material hereto, Defendant, ROSALIE PIRRONE, ARNP, was a nurse practicing in Lee County, Florida, and holding herself out to the public, including VIVIANA PEDRO, as a nurse possessing the same skills and expertise in the field as any other nurse in Lee County, Florida, or any other similar community.

17.    At all times material hereto, Defendant, ANESTHESIA, was the actual employer of physicians and nurses providing medical care and treatment to VIVIANA PEDRO.  Those physicians and nurses included, but were not limited to RICARDO BORNACELLI-VERGARA M.D. and ROSALIE PIRRONE, ARNP who held themselves out to the public in general and to VIVIANA PEDRO specifically, as providers well qualified in the field of anesthesiology and further held themselves out to the public in general, and to VIVIANA PEDRO specifically, as specialists possessing the same level of skill and expertise in the field of anesthesiology as any other well-qualified nurse or physician in Lee County, Florida, or any similar medical community.

18.    Defendant, LEE MEMORIAL HEALTH SYSTEM, n/k/a LEE HEALTH, d/b/a GULF COAST MEDICAL CENTER (hereinafter referred to as "LEE HEALTH"), received notice of this claim pursuant to Chapter 766.106 and 768.28, Florida Statutes, and all conditions precedent to the filing of this complaint have been properly complied with by the Plaintiffs.

19.    At all times material hereto, Defendant, LEE HEALTH, was the actual employer of nurses providing treatment in the field of Obstetrics and Gynecology. Those included, but were not limited to, Andrea C. Gampa, R.N. ("GAMPA"), Hassiran Yolanda Baksh-Mohammed, R.N. ("BAKSH-MOHAMMED"), Jennifer Lynn Crutchley, R.N. ("CRUTCHLEY"), Alicia Dawn Call, R.N. ("CALL"), Amanda Marie

Fishel, R.N. ("FISHEL"), Julie L. Harney, R.N. ("HARNEY"), and Mini E. Mathew, ARNP ("MATHEW"), who all held themselves out to the public in general, and to VIVIANA PEDRO specifically, as physicians and nurses well qualified in the field of Obstetrics and Gynecology, and further held themselves out to the public in general and to VIVIANA PEDRO specifically, as specialists possessing the same level of skill and expertise in the field of Obstetrics and Gynecology as any other well-qualified physicians or nurses in Lee County, Florida, or any similar medical community.

20.     At all times material hereto, UNITED STATES OF AMERICA, through its deemed facility and its respective employees, owed a duty to VIVIANA PEDRO to perform medical and technical tasks in conformity with the prevailing professional standard of care for similar health care providers in light of all the relevant surrounding circumstances.

21.     At all times material hereto, FAMILY HEALTH, through its respective employees, owed a duty to VIVIANA PEDRO to perform medical and technical tasks in conformity with the prevailing professional standard of care for similar health care providers in light of all the relevant surrounding circumstances.

22.     At all times material hereto, GARNER, EDWARDS, RODRIGUEZ, CALL, FISHEL, MATHEW, GAMPA, BAKSH-MOHAMMED and CRUTCHLEY provided medical care and treatment to VIVIANA PEDRO in Fort Myers, Lee County, Florida, as will be more fully described below.

23.     At all times material hereto, ANESTHESIA, through its respective employees, owed a duty to VIVIANA PEDRO to perform medical and technical tasks in conformity with the prevailing professional standard of care for similar health care providers in light of all the relevant surrounding circumstances.

24.     At all times material hereto, LEE HEALTH, through its respective employees, owed a duty to VIVIANA PEDRO to perform medical and technical tasks in conformity with the prevailing professional standard of care for similar health care providers in light of all the relevant surrounding circumstances.

25.     Venue is proper under 28 U.S.C. §1402(b) in that all acts or omissions forming the basis of these claims occurred in Fort Myers, Lee County, Florida, in the Middle District of Florida.

## FACTUAL ALLEGATIONS

26.     VIVIANA PEDRO was 40.6 weeks into a full-term pregnancy with her first child when she was admitted into LEE HEALTH at 6:03 am on Saturday, December 12, 2015, experiencing contractions and early signs of labor.

27.     For fifteen hours following her admission, from 6 am until 9 pm on December 12, 2015, VIVIANA PEDRO had at least fifteen (15) elevated blood pressures while under the care of LEE HEALTH nurses – a pattern fitting the definition and criteria for pre-eclampsia, and one rising to the level of severe pre-eclampsia by 4 pm; yet, VIVIANA PEDRO's pre-eclampsia went undiagnosed and untreated.

28.    Upon information and belief, obstetrician GARNER, his certified nurse EDWARDS and RODRIGUEZ and LEE HEALTH nurses GARNER, EDWARDS, RODRIGUEZ, CALL, FISHEL, MATHEW, GAMPA, BAKSH-MOHAMMED and CRUTCHLEY, failed to appropriately evaluate, monitor and manage VIVIANA PEDRO during her 15-hours of labor following admission.

29.    A thorough history was not gathered upon VIVIANA PEDRO's admission into LEE HEALTH and the most recent prenatal exam findings were not correlated to her labor presentation; therefore, it was not timely recognized by GARNER, EDWARDS, RODRIGUEZ and the LEE HEALTH nurses that VIVIANA PEDRO was at risk for pre-eclampsia and was in fact presenting with signs of pre-eclampsia.

30.    As VIVIANA PEDRO progressed in labor on increasing doses of IV Pitocin, GARNER, EDWARDS, RODRIGUEZ, and the LEE HEALTH nurses failed to examine and test VIVIANA PEDRO's reflexes, and failed to recognize and act on glaring and repetitive blood pressure elevations consistent with pre-eclampsia.

31.    GARNER, EDWARDS, RODRIGUEZ and the LEE HEALTH nurses failed to provide close monitoring and surveillance of VIVIANA PEDRO throughout her labor, and failed to timely intervene for signs of pre-eclampsia with proper laboratory testing and the administration of magnesium sulfate per ACOG standards.

32.    Further, GARNER never presented during these 15 hours of labor to examine VIVIANA PEDRO, and EDWARDS, RODRIGUEZ, and the LEE HEALTH nurses failed to timely summon GARNER as required to evaluate a patient in labor with signs of pre-eclampsia.

33.     As a result of these failures by GARNER, EDWARDS, RODRIGUEZ, and the LEE HEALTH nurses, VIVIANA PEDRO began seizing at or about 8:51 pm on December 12, 2015. Because VIVIANA PEDRO was not provided with close observation on the labor unit, there is no clear documentation and description of her seizure activity and its onset, and it remains unknown when VIVIANA PEDRO's seizures actually began and how they progressed before they were recognized.

34.     At 8:51 pm on December 12, 2015, according to a late-entry made by EDWARDS three hours later, EDWARDS was informed by way of a phone call from LEE HEALTH nurses of VIVIANA PEDRO's seizure activity and that a MET (Medical Emergency Team) had been called. EDWARDS further indicates in her late-entry that she and the MET team arrived in VIVIANA PEDRO's room a minute later at 8:52 pm, at which time EDWARDS then left VIVIANA PEDRO's room to call GARNER.

35.     For the next 6-7 minutes following the 8:52 pm events, there is no documentation in the LEE HEALTH chart as to who was in charge and ordering the emergency management of VIVIANA PEDRO on the OB unit; there is no documentation as to who was treating VIVIANA PEDRO; and there is no documentation of how VIVIANA PEDRO was being treated for her seizure activity.

36.     VIVIANA PEDRO went on to sustain an additional seizure and a respiratory arrest at 8:58 pm on December 12, 2015, and a Code Blue was then called by LEE HEALTH nurses. A physician was still not in attendance. The emergency management VIVIANA PEDRO was receiving at this time is not documented in VIVIANA PEDRO's medical chart.

37.     Eleven more minutes went by when, at 9:09 pm on December 12, 2015, GAMPA phoned GARNER to report that VIVIANA PEDRO was again seizing and the respiratory therapists in attendance on the MET team were now preparing to intubate PEDRO. No physician is noted to be at the bedside – now 18 minutes after the first seizure and 11 minutes after VIVIANA PEDRO's reported respiratory arrest.

38.     Though GARNER was reportedly informed by GAMPA during this call that a bolus of mag sulfate had been started, this administration is never documented in VIVIANA PEDRO's medication administration records.

39.     At 9:10 pm on December 12, 2015, after two attempts at intubation, VIVIANA PEDRO was reportedly intubated by an arriving anesthesiologist to the Code, Ricardo E. Bornacelli-Vergara, M.D. ("VERGARA"), and his assistant nurse anesthetist, Rosalie Pirrone, CRNA ("PIRRONE.")

40.     A later (10:45 pm) critical care consult by Marilyn Kole, M.D., reports that VERGARA's and PIRRONE's first intubation on December 12, 2015 was an errant esophageal intubation of unknown duration, requiring a re-intubation by VERGARA at some point in order to restore oxygen to VIVIANA PEDRO. The hemodynamics and oxygenation status of VIVIANA PEDRO and her baby during this period is not documented in the LEE HEALTH chart.

41.     It was not until after 9:12 pm on December 12, 2015, that GARNER was reported to be in the hospital and progressing toward VIVIANA PEDRO's room; it was not until 9:14 pm that GAMPA phoned a nursing supervisor to notify the supervisor of the critical events transpiring with VIVIANA PEDRO in the OB unit of LEE HEALTH.

42.    At or about 9:18 pm on December 12, 2015, VIVIANA PEDRO was transported from the 3rd floor OB unit to the operating room to undergo an emergency C-section by GARNER. A later note, authored by EDWARDS, reported that the fetal heart rate was dramatically falling during this time of transfer.

43.    Upon further information and belief, VIVIANA PEDRO's endotracheal tube became dislodged during transport to the OR or upon her arrival into the OR. A second Code Blue was called at 9:21 pm on December 12, 2015, either while en route to the OR or upon VIVIANA PEDRO's arrival in the OR.

44.    VERGARA authored a late-entry that VIVIANA PEDRO had become hypoxemic and no ET CO2 was detectable, so a new intubation was attempted upon her arrival in the OR. VERGARA further recounts difficulty with the laryngeal view, even with the glide scope, when he tried to replace the tube. VERGARA noted that VIVIANA PEDRO had desaturated during this time and chest compressions were started to maintain perfusion – none of which is recorded in her LEE HEALTH chart.

45.    VIVIANA PEDRO regurgitated stomach contents and aspirated during this event in the operating room, causing further delay in the re-intubation efforts by VERGARA and PIRRONE. When later reviewing these events during her critical care consult in ICU, Dr. Kole described VIVIANA PEDRO as having become "cyanotic" in the OR with an abnormal heart rhythm. The extent of oxygen starvation to VIVIANA PEDRO and her baby throughout this time was never measured or recorded by anyone on-scene in the operating room.

46.    At 9:23 pm on December 12, 2015, GARNER made his emergency C-section incision. One minute later, at 9:24 pm, Baby J███ A████ P██-P██o was born. He had no heartbeat and severely depressed Apgar scores of 0 at 1 minute, and 4 at 5 minutes. Baby J████ required emergent intubation, bagging and chest compressions.

47.    Baby J███ A████ P███-Pedro was transported from the operating room to the NICU on life support, where he was found to have a right pneumothorax on chest x-ray. At 11:50 pm on December 12, 2015, Baby J███was transferred by ambulance to Healthpark Hospital on life support to receive the higher level of intensive care he required.

48.    Following surgery, VIVIANA PEDRO was moved from the OR to ICU where she was found to be unresponsive to commands. VIVIANA PEDRO was determined to have suffered a severe and permanent anoxic brain injury.

49.    VIVIANA PEDRO went on to endure a grueling 3-month hospital course at LEE HEALTH fraught with complications from her brain injury and the hypoxic insult to her multiple body systems.

50.    VIVIANA PEDRO was transferred to a long-term care facility on March 8, 2016 with a tracheostomy and feeding tube in place, and ultimately placed at FINR where VIVIANA PEDRO continued to receive round-the-clock inpatient care to meet her daily needs.

51.    VIVIANA PEDRO is currently receiving rehabilitation at Lee Health Rehabilitation Hospital.

## CAUSES OF ACTION

### COUNT I — MEDICAL NEGLIGENCE AGAINST
### UNITED STATES OF AMERICA

52.     Plaintiffs, LESLEY HOLMAN, as plenary guardian of VIVIANA PEDRO, DOMINGO PEREZ TROY, as father and natural guardian of J█████ A████████ P██████-P██████, a minor, and MARIA PEDRO RUPERTO re-allege and reincorporate paragraphs 1-12, 20-22, and 26-51 above as if fully set forth herein.

53.     At all times material hereto, Defendant, UNITED STATES OF AMERICA, by and through its deemed facility, FAMILY HEALTH, and its employees, including but not limited to GARNER, EDWARDS and RODRIGUEZ had a duty to provide proper medical care to VIVIANA PEDRO in accordance with the accepted prevailing standard of care in Lee County, Florida, or any other similar medical community.

54.     Notwithstanding these duties undertaken, Defendant, UNITED STATES OF AMERICA, through its deemed facility, FAMILY HEALTH, and its employees, did or failed to do one or more of the following acts, any or all of which would be departures from the acceptable prevailing professional standard of care in Lee County, Florida, or any other similar medical community:

A.      Failure to appropriately monitor and manage an obstetrical patient in labor;

B.      Failure to recognize and timely intervene for evolving and escalating signs of pre-eclampsia during labor;

C.      Failure to order a Urinalysis and a complete PIH (pregnancy-induced hypertension) Blood Panel in a patient in labor with signs of pre-eclampsia;

D.      Failure to timely and appropriately administer magnesium sulfate per ACOG standards in a patient in labor exhibiting signs of pre-eclampsia;

E.      Failure to timely summon a physician, and/or assure the timely bedside evaluation of a hospitalized patient by a physician, for signs of pre-eclampsia developing during labor;

F.      Failure to consult with other specialists and healthcare team members on the safest patient management, including the indications for initiating antihypertensive therapy, in a patient in labor with signs of pre-eclampsia;

G.      Failure to provide safe patient care at all times during the labor and delivery management of a hospitalized patient, including the appropriate airway protection and performance of an emergent C-section delivery when such measures became necessary; and

H.      Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

I.      Failure to exercise reasonable care under all the surrounding circumstances.

55.     As a direct and proximate result of the aforementioned negligence of Defendant, UNITED STATES OF AMERICA, VIVIANA PEDRO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future. These damages are estimated to be $25,000,000.00.

56.     As a further direct and proximate result of the negligent acts and omissions of Defendant, UNITED STATES OF AMERICA, Plaintiff, J███ A█████ P███-P████, has suffered the loss of his mother's services, comfort, companionship and society as a result of her significant permanent injury, pursuant to Section 768.0415 of the Florida Statutes.  These damages are estimated to be $5,000,000.00.

57.     As a further direct and proximate result of the negligent acts and omissions of Defendant, UNITED STATES OF AMERICA, Plaintiff, MARIA PEDRO RUPERTO, has suffered the loss of her daughter's services, comfort, companionship and society as a result of her permanent total disability.  These damages are estimated to be $5,000,000.00.

Wherefore Plaintiffs, LESLEY HOLMAN, as plenary guardian of VIVIANA PEDRO, DOMINGO PEREZ TROY, as father and natural guardian of J███ A█████O P███-P████, a minor and MARIA PEDRO RUPERTO, demand Judgment for the damages listed above against Defendant, UNITED STATES OF AMERICA.

## COUNT  II — VICARIOUS LIABILITY CLAIM AGAINST ANESTHESIA & PAIN CONSULTANTS OF SOUTHWEST FLORIDA M.D, P.A.

58.    Plaintiffs, LESLEY HOLMAN, as legal guardian of VIVIANA PEDRO, DOMINGO PEREZ TROY, as father and natural guardian of J███ A█████ P███-P█████, a minor and MARIA PEDRO RUPERTO, reallege and reincorporate allegations 6-8, 12-17, 23 and 25-51 above as if fully set forth herein.

59.    At all times material hereto, Defendant, ANESTHESIA, through its employees, including but not limited to VERGARA and PIRRONE, had a duty to provide proper medical care to VIVIANA PEDRO in accordance with the accepted prevailing standard of care in Lee County, Florida, or any other similar medical community.

60.    Notwithstanding these duties, Defendant, ANESTHESIA, through its employees, did or failed to do one or more of the following acts, any or all of which would be departures from the acceptable prevailing standards of care in Lee County, Florida, or any other similar medical community:

    A.    Failure to provide the appropriate anesthesiology monitoring and management of an obstetrical patient in labor;

    B.    Failure to maintain a patent airway and assure adequate ventilation of an obstetrical patient in labor with signs of pre-eclampsia and active seizure activity;

    C.    Failure to safely maintain and manage the placement and patency of an endotracheal tube;

D.     Failure to timely intervene for a code event in a hospitalized patient and provide the appropriate emergency resuscitative measures; and

E.     Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

61.     As a direct and proximate result of the aforementioned negligence of Defendant, ANESTHESIA, by and through its employees, VIVIANA PEDRO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

62.     As a further direct and proximate result of the negligent acts and omissions of Defendant, ANESTHESIA, Plaintiff, J█████ A███████ P████-P█████, has suffered the loss of his mother's services, comfort, companionship and society as a result of her significant permanent injury, pursuant to Section 768.0415 of the Florida Statutes.

63.     As a further direct and proximate result of the negligent acts and omissions of Defendant, ANESTHESIA, Plaintiff, MARIA PEDRO RUPERTO, has suffered the loss of her daughter's services, comfort, companionship and society as a result of her permanent total disability.

Wherefore Plaintiffs LESLEY HOLMAN, as plenary guardian of VIVIANA PEDRO, DOMINGO PEREZ TROY, as father and natural guardian of J█████ A███████ P████-P█████, a minor and MARIA PEDRO RUPERTO, demand Judgment for the damages listed above against Defendant, ANESTHESIA & PAIN CONSULTANTS OF SOUTHWEST FLORIDA M.D, P.A.

### COUNT III — NEGLIGENCE CLAIM AGAINST RICARDO BORNACELLI-VERGARA M.D.

64.     Plaintiffs, LESLEY HOLMAN, as legal guardian of VIVIANA PEDRO, DOMINGO PEREZ TROY, as father and natural guardian of J█████ A███████ P████-P█████, a minor and MARIA PEDRO RUPERTO, reallege and reincorporate allegations 6-8, 12-17, 23 and 25-51 above as if fully set forth herein.

65.     At all times material hereto, Defendant, VERGARA, had a duty to provide proper medical care to VIVIANA PEDRO in accordance with the accepted prevailing standard of care in Lee County, Florida, or any other similar medical community.

66.     Notwithstanding these duties, Defendant, VERGARA did or failed to do one or more of the following acts, any or all of which would be departures from the acceptable prevailing standards of care in Lee County, Florida, or any other similar medical community:

    A.     Failure to provide the appropriate anesthesiology monitoring and management of an obstetrical patient in labor;

    B.     Failure to maintain a patent airway and assure adequate ventilation of an obstetrical patient in labor with signs of pre-eclampsia and active seizure activity;

C. Failure to safely maintain and manage the placement and patency of an endotracheal tube;

D. Failure to timely intervene for a code event in a hospitalized patient and provide the appropriate emergency resuscitative measures; and

E. Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

67. As a direct and proximate result of the aforementioned negligence of Defendant, VERGARA, VIVIANA PEDRO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

68. As a further direct and proximate result of the negligent acts and omissions of Defendant, VERGARA, Plaintiff, J█████A██████P████-P█████, has suffered the loss of his mother's services, comfort, companionship and society as a result of her significant permanent injury, pursuant to Section 768.0415 of the Florida Statutes.

69. As a further direct and proximate result of the negligent acts and omissions of Defendant, VERGARA, Plaintiff, MARIA PEDRO RUPERTO, has suffered the loss of her daughter's services, comfort, companionship and society as a result of her permanent total disability.

Wherefore Plaintiffs LESLEY HOLMAN, as legal guardian of VIVIANA PEDRO, DOMINGO PEREZ TROY, as father and natural guardian of J███ A█████ P████-P███, a minor and MARIA PEDRO RUPERTO, demand Judgment for the damages listed above against Defendant, RICARDO BORNACELLI-VERGARA M.D.

<u>**COUNT IV — NEGLIGENCE CLAIM AGAINST
ROSALIE PIRRONE, ARNP**</u>

70.     Plaintiffs, LESLEY HOLMAN, as legal guardian of VIVIANA PEDRO, DOMINGO PEREZ TROY, as father and natural guardian of J███ A█████ P████-P███, a minor and MARIA PEDRO RUPERTO as legal guardian of VIVIANA PEDRO, reallege and reincorporate allegations 6-8, 12-17, 23 and 25-51 above as if fully set forth herein.

71.     At all times material hereto, Defendant, PIRRONE, had a duty to provide proper medical care to VIVIANA PEDRO in accordance with the accepted prevailing standard of care in Lee County, Florida, or any other similar medical community.

72.     Notwithstanding these duties, Defendant, PIRRONE, did or failed to do one or more of the following acts, any or all of which would be departures from the acceptable prevailing standards of care in Lee County, Florida, or any other similar medical community:

A.     Failure to provide the appropriate anesthesiology monitoring and management of an obstetrical patient in labor;

B.   Failure to maintain a patent airway and assure adequate ventilation of an obstetrical patient in labor with signs of pre-eclampsia and active seizure activity;

C.   Failure to safely maintain and manage the placement and patency of an endotracheal tube;

D.   Failure to timely intervene for a code event in a hospitalized patient and provide the appropriate emergency resuscitative measures; and

E.   Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

73.   As a direct and proximate result of the aforementioned negligence of Defendant, PIRRONE, VIVIANA PEDRO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

74.   As a further direct and proximate result of the negligent acts and omissions of Defendant, PIRRONE, Plaintiff, J██ B A███████ P████-P████, has suffered the loss of his mother's services, comfort, companionship and society as a result of her significant permanent injury, pursuant to Section 768.0415 of the Florida Statutes.

75.     As a further direct and proximate result of the negligent acts and omissions of Defendant, PIRRONE, Plaintiff, MARIA PEDRO RUPERTO, has suffered the loss of her daughter's services, comfort, companionship and society as a result of her permanent total disability.

Wherefore Plaintiffs LESLEY HOLMAN, as plenary guardian of VIVIANA PEDRO, DOMINGO PEREZ TROY, as father and natural guardian of J██████ A██████  P█████-P█████, a minor and MARIA PEDRO RUPERTO, demand Judgment for the damages listed above against Defendant, ROSALIE PIRRONE, ARNP.

### COUNT V — MEDICAL NEGLIGENCE AGAINST LEE HEALTH

76.     Plaintiffs, LESLEY HOLMAN, as legal guardian of VIVIANA PEDRO, DOMINGO PEREZ TROY, as father and natural guardian of J██████  A██████ P█████-P█████, a minor and MARIA PEDRO RUPERTO, reallege and reincorporate allegations 6-8, 12, 18, 19, and 24-51 above as if fully set forth herein.

77.     At all times material hereto, Defendant, LEE HEALTH through its employees, including but not limited to Alicia Dawn Call, R.N., Amanda Marie Fishel, R.N. and Mini E. Mathew, Andrea Gampa, R.N., Hassiran Yolanda Bakish-Mohammed, R.N., Jennifer Lynn Crutchley, R.N. and Julie Harvey, R.N. had a duty to provide proper medical care to VIVIANA PEDRO in accordance with the accepted prevailing standard of care in Lee County, Florida, or any other similar medical community.

78.     Notwithstanding these duties, Defendant, LEE HEALTH, through its employees, did or failed to do one or more of the following acts, any or all of which would be departures from the acceptable prevailing standards of care in Lee County, Florida, or any other similar medical community:

A.     Failure to appropriately monitor and manage an obstetrical patient in labor;

B.     Failure to recognize and timely intervene for evolving and escalating signs of pre-eclampsia during labor;

C.     Failure to order a Urinalysis and a complete PIH (pregnancy-induced hypertension) Blood Panel in a patient in labor with signs of pre-eclampsia;

D.     Failure to timely and appropriately administer magnesium sulfate per ACOG standards in a patient in labor exhibiting signs of pre-eclampsia;

E.     Failure to timely summon a physician, and/or assure the timely bedside evaluation of a hospitalized patient by a physician, for signs of pre-eclampsia developing during labor;

F.     Failure to consult with other specialists and healthcare team members on the safest patient management, including the indications for initiating antihypertensive therapy, in a patient in labor with signs of pre-eclampsia;

G.     Failure to provide safe patient care at all times during the labor and delivery management of a hospitalized patient, including the appropriate airway protection and performance of an emergent C-section delivery when such measures became necessary; and

H.     Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

I.     Failure to exercise reasonable care under all the surrounding circumstances.

79.     As a direct and proximate result of the aforementioned negligence of Defendant, LEE HEALTH, VIVIANA PEDRO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

80.     As a further direct and proximate result of the negligent acts and omissions of Defendant, LEE HEALTH, Plaintiff, J████ A████ P████-P████, has suffered the loss of his mother's services, comfort, companionship and society as a result of her significant permanent injury, pursuant to Section 768.0415 of the Florida Statutes.

81.     As a further direct and proximate result of the negligent acts and omissions of Defendant, LEE HEALTH, Plaintiff, MARIA PEDRO RUPERTO, has suffered the loss of her daughter's services, comfort, companionship and society as a result of her permanent total disability.

Wherefore Plaintiffs LESLEY HOLMAN, as plenary guardian of VIVIANA PEDRO, DOMINGO PEREZ TROY, as father and natural guardian of J█████ A█████ P████-P███O, a minor and MARIA PEDRO RUPERTO, demands Judgment for the damages listed above against Defendant, LEE HEALTH.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand trial by jury on all issues so triable as a matter of right.

**[Remainder of page intentionally left blank.]**

## **CERTIFICATE OF GOOD FAITH**

Pursuant to Fla. Stat. §766.203, the undersigned attorney of record, does hereby certify that a reasonable investigation has been conducted as to the matters alleged herein and it has been determined that there are grounds for a good faith belief that there has been negligence and medical malpractice in the care and treatment of Viviana Pedro and that grounds exist for the filing of this action against the Defendants.

Dated this _2nd_ day of May, 2018

_____

MARIANO GARCIA

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

MARIANO GARCIA
Florida Bar No.: 31143
Attorney E-Mail(s): mxg@searcylaw.com
Primary E-Mail: _garciateam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:     (561) 383-9463
Attorney for Plaintiffs

## SERVICE LIST

Mariano Garcia, Esquire
Florida Bar No.: 31143
Primary E-Mail: _garciateam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9463
Attorney for Plaintiffs

Sean Patrick, Flynn, Esquire
Sean.flynn2@usdoj.gov
United States Attorney's Office
400 N Tampa Street, Suite 3200
Tampa, FL 33602
Phone:  (813) 274-6000
Attorneys for USA

Jeffrey M. Goodis, Esquire
jgoodis@gtmlegal.com; molson@gtmlegal.com
Goodis Thompson & Miller, P.A.
150 2nd Avenue N, 15th Floor
St. Petersburg, FL  33701
Phone: (727)-823-0540
Fax: (727)-823-0230
Attorneys for Ricardo Bornacelli Vergara,
Anesthesia & Pain Consultants of Southwest
Florida, M.D. P.A, and Rosalie Pirrone, ARNP

Douglas B. Lumpkin, Esquire
dlumpkin@wickersmith.com
Wicker Smith O'Hara McCoy & Ford, P.A.
1819 Main Street, Suite 910
Sarasota, FL  34236
Phone: (941)-366-4200
Fax: (941)-366-4227
Attorneys for Lee Memorial Health System
n/k/a Lee Health d/b/a Gulf Coast Medical
Center