UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESLEY HOLMAN, DOMINGO PEREZ
TROY and MARIA PEDRO RUPERTO, as
plenary guardian of Viviana Pedro,

    Plaintiffs,

v.                                              Case No.:   2:18-cv-76-FtM-38MRM

LEE MEMORIAL HEALTH SYSTEM and
UNITED STATES OF AMERICA,

    Defendants.
_____/

### REPORT AND RECOMMENDATION[1]

Pending before the Court are:

1. Plaintiffs' Motion for Leave to File a Second Amended Complaint and to Restyle the Case Caption, filed on May 6, 2019 (Doc. 76);

2. Defendant's Response in Opposition to Plaintiffs' Motion for Leave to File Amended Complaint, filed on May 13, 2019 (Doc. 77);

3. Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 81); and

4. Defendant, Lee Memorial Health System n/k/a Lee Health d/b/a Gulf Coast Medical Center's [sic] Sur-Reply to Plaintiffs' Reply to Defendant's Response in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint, filed on June 3, 2019 (Doc. 84).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided for convenience. Hyperlinks to documents in CM/ECF are subject to PACER fees. The Court does not endorse, recommend, approve, or guarantee any third parties, services, or products associated with hyperlinked websites. The Court has no agreement with any of these third parties. The Court accepts no responsibility for the availability or functionality of any hyperlink. The failure of any hyperlink does not affect the Court's order, opinion, or report and recommendation.

These matters are fully briefed and ripe for the Court's consideration. In short, Plaintiffs seek leave to file a Second Amended Complaint that, *inter alia*, contains a restyled case caption because: (1) certain named defendants were dismissed from this case and should be removed from the case caption; and (2) Plaintiffs wish to include causes of action for vicarious liability against the remaining hospital defendant, Lee Memorial Health System n/k/a Lee Health d/b/a Gulf Coast Medical Center ("Lee Health"), under theories of actual and apparent agency because of any negligence attributed to the dismissed defendants. (Doc. 76 at 2). Plaintiffs attached a redacted copy of the proposed Second Amended Complaint as Exhibit "1" to the motion *sub judice*. (*See* Doc. 76-1). Lee Health opposes any amendment, arguing that Plaintiffs have not satisfied Fed. Rs. Civ. P. 15 or 16. (Doc. 77).

For the reasons below, the Undersigned respectfully recommends that Plaintiffs' Motion for Leave to File a Second Amended Complaint and to Restyle the Case Caption (Doc. 76) be **DENIED**.

## BACKGROUND

A brief review of the relevant procedural history of this case is instructive. This action was initiated on or about February 5, 2018. (Docs. 1, 9-10). Defendant Lee Health filed its Answer and Affirmative Defenses on March 12, 2018. (Doc. 15). Plaintiffs filed an Amended Complaint on May 2, 2018. (Doc. 50). Defendant Lee Health filed its Answer and Affirmative Defenses to the Amended Complaint on May 15, 2018. (Doc. 59).

On May 8, 2018, the Court entered a Case Management and Scheduling Order following a Preliminary Pretrial Conference held before the Undersigned on the same date. (*See* Docs. 54-55). The Order established a June 11, 2018 deadline for filing any motions to add parties or to amend pleadings. (Doc. 54 at 1). In setting this deadline, the Court adopted the deadline that the

parties jointly proposed in the Case Management Report they filed with the Court. (*See* Doc. 47 at 1). On January 29, 2019, the Court entered an Amended Case Management and Scheduling Order resetting certain remaining case-management deadlines as a result of the federal government shutdown. (Doc. 68). This subsequent Order *did not* re-set the then-expired deadline for motions to add parties or to amend pleadings. (*See id.*).

On March 6, 2019, a Joint Stipulation for Dismissal with Prejudice as to Defendants Rosalie Pirrone, ARNP, Ricardo Bornacelli-Vergara, M.D., and Anesthesia & Pain Consultants of Southwest Florida was filed. (Doc. 69). On March 7, 2019, the presiding trial judge entered an Order dismissing those named Defendants. (Doc. 70).

Based on the Amended Case Management and Scheduling Order, all expert disclosures and reports were exchanged by May 1, 2019, and the impending deadline for completing all discovery is October 7, 2019. (Doc. 68 at 1; *see also* Doc. 77 at 2 (confirming that "[e]xpert disclosure [sic] and reports have been exchanged pursuant to the Amended Case Management and Scheduling Order")).

Plaintiffs filed the instant motion seeking leave to file a Second Amended Complaint on May 6, 2019 (*see* Doc. 76), which is nearly eleven (11) months after the June 11, 2018 deadline specified in the original Case Management and Scheduling Order for filing motions to amend pleadings (*see* Doc. 54).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he Court should freely give leave when justice so requires." The decision

3

whether to permit an amendment is within the Court's sound discretion.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, "[w]hen a party files a motion for leave to amend a pleading *after* the applicable scheduling order deadline has passed, the party is in effect seeking to modify this deadline."  *Coach Inc. v. Visitors Flea Mkt., LLC*, 6:11-cv-1905-Orl-19GJK, 2012 WL 12905809, at *1 (M.D. Fla. June 11, 2012) (emphasis added; citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).  Thus, an untimely motion for leave to amend a pleading requires an analysis of the good cause and excusable neglect standards in Fed. Rs. Civ. P. 6(b)(1)(B) and 16(b)(4).  *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 609 F. Supp. 2d 1235, 1252 (M.D. Fla. 2009) ("[W]hen a party files a motion for leave to amend a pleading after the relevant scheduling order deadline has passed, the party must demonstrate both good cause and excusable neglect for the untimely motion." (citing Fed. Rs. Civ. P. 6(b)(1)(B), 16(b)(4))).  Only then does the court consider whether amendment is proper under Fed. R. Civ. P. 15(a).  *Sosa*, 133 F.3d at 1419.

The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  *Id.* at 1418.  Furthermore, with regard to excusable neglect, this Court has recognized that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  *Estate of Washington v. Carter's Retail, Inc.*, 3:10-CV-1136-J-32TEM, 2011 WL 2731291, at *2

(M.D. Fla. July 13, 2011) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). Determining whether a party has established excusable neglect "is at bottom an equitable one." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. The Supreme Court has identified four factors courts should consider: "(1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Estate of Washington*, 2011 WL 2731291, at *3 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

The Undersigned analyzes the parties' respective positions under this framework below.

### ANALYSIS

A.  **Danger of Prejudice to Defendant**

The Undersigned must first consider the danger of prejudice to Defendant if leave is granted to file the Second Amended Complaint. *See id.*

Plaintiffs do not acknowledge any prejudice to Defendant in either their opening motion (Doc. 76) or their reply brief (Doc. 81). They simply deny the existence of any such prejudice (*see* Doc. 76 at 3; Doc. 81 at 3) and argue:

> This matter is scheduled for trial during the term that begins on March 2, 2020. The discovery cut off [sic] is not until October 7, 2019 and the dispositive motions cut off [sic] is not until November 5, 2019. Furthermore, as of the filing of [Plaintiffs'] reply, neither Defendant [Lee Health's] employees nor Plaintiffs have been deposed.

(Doc. 81).

Defendant disagrees, arguing in its opposition brief that:

> This matter has been pending since February 7, 2018, and Plaintiffs previously amended their complaint to cure defects noted by this Court. (*See* Doc. #50). Former Defendants' depositions have been

5

> taken. Thus, Plaintiffs should not be allowed to amend their complaint, as Defendant would be unduly prejudiced by not having the opportunity to engage in adequate discovery on such claims.

(Doc. 77 at 8). Defendant contends that its counsel has had no opportunity to inquire into or to conduct discovery regarding the agency or apparent agency allegations Plaintiffs now wish to assert in the Second Amended Complaint. (*Id.* at 6). In its sur-reply, Defendant further elaborates its position as follows:

> The discovery cut-off in this matter is October 7, 2019. To date, all Plaintiffs have been deposed. The depositions of numerous providers relevant to these amendments have already taken place, including but not limited to: Rosalie Pirrone, ARNP, Ricardo Bornacelli-Vergara, M.D., Andrea Gampa, R.N., Amanda Fishel, R.N., and Andrew Hersh, Respiratory Therapist. All experts have been disclosed and reports have been exchanged pursuant to the Amended Case Management and Scheduling Order. Expert depositions commence[d] June 10, 2019. Should Plaintiffs be permitted to amend the Complaint for a third time, Defendant would be unduly prejudiced by not having the opportunity to engage in adequate discovery on such claims.

(Doc. 84 at 4-5).

The Undersigned agrees with Defendant that the prejudice to Defendant is substantial given the current posture of this litigation. In particular, the Undersigned is persuaded that Defendant would face significant undue prejudice because the now-dismissed defendants' depositions have been completed, as have the depositions of Plaintiffs and other witnesses. Given the nature of the amended claims in the proposed Second Amended Complaint, permitting further amendment at this stage would likely necessitate allowing Defendant to re-depose many of these deponents to fully explore the newly asserted claims and Defendant's potential defenses thereto. Additionally, the Undersigned places substantial weight on the fact that expert disclosures have already been exchanged and, according to Defendant, expert depositions commenced in June 2019. Allowing the proposed amendment to Plaintiffs' claims at this late

stage of the litigation, nearly eleven (11) months after the Court-ordered deadline for filing motions to amend pleadings lapsed, threatens substantial prejudice to Defendant. As a practical matter, moreover, the Undersigned finds there is insufficient time to attempt to cure these issues before the October 3, 2019 discovery cut-off without subjecting Defendant to significant, undue expense and burden.

For all of these reasons, the Undersigned finds that this factor weighs heavily against permitting the amendment.

**B.     Length of the Delay and Its Impact on the Judicial Proceedings**

The Undersigned next considers the length of Plaintiffs' delay and its potential impact on the judicial proceedings. *See Estate of Washington*, 2011 WL 2731291, at *3 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

As stated above, Plaintiffs filed the motion *sub judice* on May 6, 2019 (Doc. 76), which is nearly eleven (11) months after the June 11, 2018 deadline the Court set for the parties to file motions to amend pleadings (*see* Doc. 54). A delay of nearly eleven months is considerable and, for the reasons articulated above, permitting leave to amend after such a considerable delay would jeopardize all of the remaining pretrial and trial-related deadlines including the current trial term, by necessitating additional fact and (potentially) expert discovery to address Plaintiffs amended claims and Defendant's defenses to those claims.

Upon consideration of this factor, therefore, the Undersigned finds that this factor also weighs heavily against permitting the amendment.

### C.     **Reason for the Delay**

The Undersigned must also consider the purported reasons for Plaintiffs' delay, including whether the delay was within Plaintiffs' reasonable control.  *See Estate of Washington*, 2011 WL 2731291, at *3 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

The only reason Plaintiffs' counsel offers for the delay is the following:

> In this case, the good cause requirement is satisfied because Plaintiffs were not aware of the fact that causes of action for vicarious liability against Defendant Lee, under theories of actual and apparent agency for any negligence attributed to the anesthesiology team, had not been pled until after the anesthesiology team had been dismissed pursuant to a settlement agreement on March 7, 2019.  Undersigned counsel believed they had been pled, and therefore, did not realize they had not been pled prior to the June 11, 2018 deadline, nor at the time of receipt of the contract agreement between Defendant Lee and the anesthesiology team on October 3, 2018.  Nevertheless, just as soon as it became apparent that causes of action for vicarious liability had not been pled, Plaintiffs were diligent in seeking the amendment.  Undersigned counsel for Plaintiffs admittedly overlooked and neglected, without any intent or purposeful design, to recognize the lack of pleading prior to the settlement date of March 7, 2019.  Undersigned counsel prays that the Court will not punish his clients for counsel's inadvertence with regard to the time restraints imposed by the Court.

(Doc. 81 at 2-3).

Defendant contends that Plaintiffs' counsel's explanation is not enough to satisfy Fed. R. Civ. P. 16.  (*See* Doc. 84 at 2-5).  Specifically, Defendants argue:

> Plaintiffs admit in their Reply that they knew of the facts underlying their proposed amendments, but simply failed to plead them.  In the alternative, Plaintiffs should have known of the facts underlying their amendments and had the opportunity to discover them both during the pendency of the lawsuit and during presuit. . . . Plaintiffs were aware of the contract between Lee Health and former Defendants, Rosalie Pirrone, ARNP, Ricardo Bornacelli-Vergara, M.D., and Anesthesia & Pain Consultants of Southwest Florida, to provide exclusive anesthesiology services at the time of this event.  Similarly, Plaintiffs had the opportunity to conduct

8

>discovery and did conduct discovery regarding the aforementioned providers well before the deadline to amend their Complaint.
>
>Even so, Plaintiffs did not act diligently to pursue the amendments once they realized vicarious liability was not pled. Plaintiffs assert they were not aware that vicarious liability had not been pled until after the anesthesiology team had been dismissed pursuant to the settlement agreement on March 7, 2019. However, Plaintiffs waited *two* additional months, until May 6, 2019, to file their Motion for Leave to Amend. Accordingly, Plaintiffs have failed to meet their burden of good cause pursuant to Fed. R. Civ. P. 16(b).

(Doc. 84 at 4 (original emphasis)).

The Undersigned agrees with Defendant that Plaintiffs' counsel's reasons for failing to seek leave to amend before the court-ordered deadline expired are woefully inadequate to support a finding of good cause or excusable neglect. It is indisputable that the delay here was entirely within Plaintiffs' control. Plaintiffs' counsel effectively admits that the facts underlying the proposed amendment were actually known or could have been discovered with the exercise of due diligence in advance of the court-ordered deadline for filing motions to amend the pleadings. (*See* Doc. 81 at 2-3); *see also Valpak Direct Mktg. Sys., Inc. v. Maschino*, 349 Fed. App'x 368, 370-71 (11th Cir. 2009) (per curium) (affirming trial court's denial of leave to amend sought seven months after amendment would have been allowed under the scheduling order because "[t]he facts underlying the proposed amendment were actually known or could have been discovered with the exercise of due diligence in advance of the amendment deadline").

Moreover, it is completely incredible in a case of this nature that Plaintiffs' counsel would not have had repeated opportunities to re-visit the allegations of the original Complaint and, later, the First Amended Complaint to realize that the allegations and claims relating to vicarious liability counsel mistakenly believed had been asserted in the pleadings were not, in fact, asserted. Even if Plaintiffs' counsel was not, as he claims, clued in to his own alleged

9

omission before the co-defendants were dismissed in early March 2019 (*see* Docs. 69-71), Plaintiffs and their counsel still waited *two months* until May 6, 2019 to file their motion seeking leave to amend to add the vicarious liability claims (*see* Doc. 76). Plaintiffs make no effort to explain this significant additional delay.

Accordingly, the Undersigned finds that this factor weighs very heavily against allowing the proposed amendment.

### D.   Whether Plaintiffs Acted in Good Faith

Finally, the Undersigned must consider whether Plaintiffs acted in good faith. *Estate of Washington*, 2011 WL 2731291, at *3 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). The Undersigned finds no evidence of either good faith or bad faith here. Rather, if Plaintiffs' counsel's representations are taken at face value, the failure to timely amend the complaint to include allegations and claims premised in vicarious liability is the result of simple neglect. Thus, the Undersigned finds that this factor weighs neither for nor against allowing the proposed amendment and is neutral. As a result, consideration of the other factors discussed above persuade the Undersigned that Plaintiffs' motion for leave to file the Second Amended Complaint should be denied.

### E.   Fed. R. Civ. P. 15(a)

Because Plaintiffs have not adequately demonstrated either good cause or excusable neglect under Fed. Rs. Civ. P. 6(b)(1)(B) and 16(b)(4), the Court need not consider whether Plaintiffs satisfy Fed. R. Civ. P. 15(a). *See Sosa*, 133 F.3d at 1419.

## CONCLUSION

For these reasons, the Undersigned finds that Plaintiffs have not adequately demonstrated good cause or excusable neglect to warrant the untimely filing of a Second Amended Complaint. Accordingly, the Undersigned respectfully **RECOMMENDS** that Plaintiffs' Motion for Leave to File a Second Amended Complaint and to Restyle the Case Caption (Doc. 76) be **DENIED**.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 24, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties