UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESLEY HOLMAN, DOMINGO PEREZ
TROY and MARIA PEDRO RUPERTO,
as plenary guardian of Viviana Pedro,

    Plaintiffs,

v.   Case No.:   2:18-cv-76-FtM-38MRM

LEE MEMORIAL HEALTH SYSTEM
and UNITED STATES OF AMERICA,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Here is United States Magistrate Judge Mac R. McCoy's Report and Recommendation (R&R) (Doc. 94), recommending that Plaintiffs' Motion for Leave to File a Second Amended Complaint and Restyle the Case Caption (Doc. 76) be denied. Plaintiffs object to the R&R (Doc. 99), and Defendant Lee Memorial Health System (Lee Health or Defendant) filed a Response (Doc. 100). For the reasons below, the Court accepts and adopts the R&R and overrules Plaintiffs' objections.

### **BACKGROUND**

This is a negligence case involving injuries that Viviana Pedro suffered during labor and childbirth at Gulf Coast Medical Center (a Lee Health hospital). The initial Complaint

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(Doc. 10) and Amended Complaint (Doc. 50) named the anesthesia company and team involved in the labor and delivery (Anesthesia & Pain Consultants of Southwest Florida, Ricardo Bornacelli-Vergara MD, Rosalie Pirrone ARNP) as Defendants before they were dismissed from the case on March 7, 2019 following a settlement (Doc. 70). Lee Health was not released in the settlement.

On May 6, 2019—two months after the settlement—Plaintiffs moved for leave to file a Second Amended Complaint to include causes of action for vicarious liability against Lee Health under theories of actual and apparent agency because of any negligence attributed to the dismissed anesthesiology Defendants under contract with Lee Health. (Doc. 76). The deadline for filing any motions to add parties or to amend pleadings had passed nearly a year prior—on June 11, 2018[2]—and the discovery deadline has been extended to November 8, 2019. (Doc. 54). The Motion to Amend was referred to Judge McCoy who recommends the Motion be denied because Plaintiffs have not adequately demonstrated either good cause or excusable neglect under Federal Rules 6(b)(1)(B) and 16(b)(4) for their failure to seek timely leave to amend. (Doc. 94). Judge McCoy did not consider whether Plaintiffs satisfy Fed. R. Civ. P. 15(a). *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party makes specific

---

[2] The Court adopts the procedural history detailed in the R&R. (Doc. 94 at 2-3).

objections to a magistrate judge's report, the district court engages in a *de novo* review of the issues raise. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiffs raise three objections to the R&R—that the Magistrate Judge erred in concluding: (1) Defendant would be prejudiced by the amendment; (2) there would be a negative impact on the judicial proceedings and pretrial and trial-related deadlines; and (3)Plaintiffs had not adequately demonstrated excusable neglect. The third objection is really a catch all as the first two objections are two of the factors that a court should consider when determining whether a party has established excusable neglect.[3] *See Estate of Washington v. Carter's Retail, Inc.*, 3:10-cv-1136-J-32TEM, 2011 WL 2731291, *2 (M.D. Fla. July 13, 2011) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).

After an independent review of the complete record and applicable case law, the Court finds the R&R to be well reasoned, thorough, and legally sound. The Court discusses Plaintiffs' objections below.

**1. Unfair Prejudice**

Plaintiffs first challenge to the R&R argues there would be no prejudice to Defendant if amendment were allowed because the only fact witnesses potentially implicated by Plaintiffs' amendment that might need to be re-deposed are the anesthesiologist, Dr. Bornacelli-Vergara, and the nurse anesthetist, Pirrone, both of whom were deposed in December 2018. Plaintiffs also assert that whether Lee Health is

---

[3] The Supreme Court has identified four factors courts should consider when determining whether a party has established excusable neglect: "(1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

3

vicariously liable for the anesthesia team is a legal issue, that Lee Health contracted with the anesthesiology team, and therefore Lee Health appreciated the risk of a potential vicarious liability claim throughout this case. Indeed, Lee Health's sixth affirmative defense asserts a *Fabre* defense[4] in which Lee Health alleges that the actions of third persons should be apportioned accordingly and Lee Health requested that it be included in the release as a party who may be held technically, vicariously, or derivatively liable to the settlement with the anesthesiology Defendants.[5] In sum, Plaintiffs state that Lee Health cannot now argue prejudice when it was on notice that vicarious liability was potentially an issue and Lee Health has made vicarious liability an issue by its own pleadings and actions in the settlement.

Lee Health responds that allowing Plaintiffs to include vicarious liability claims at this late in the case would require Defendants to seek additional, substantial discovery from the anesthesia providers, Lee Health employees, and Plaintiffs, among others over a long list of issues and require many witnesses to be re-deposed as set forth on pages 5-7 of their Response (Doc. 100). And Defendant points out that correspondence with counsel for the anesthesia providers and Plaintiffs about vicarious liability before the March 2019 settlement served as an opportunity for Plaintiffs' counsel to revisit the allegations in the First Amended Complaint and realize that the allegations about liability were not pled. That said, Plaintiffs waited until May 2019 to file a Motion to Amend.

---

[4] "The term *Fabre* defense refers to a defendant's contention that a non-party defendant is wholly or partially responsible for the negligence alleged." *Michael v. Medical Staffing Network, Inc.*, 947 So. 2d 614, 617 n.3 (Fla. Dist. Ct. App. 2007) (citations omitted).

[5] Lee Health's proposal was not accepted by Plaintiffs and the settlement did not include Lee Health as a released party.

After an independent *de novo* review, the Court agrees that Defendant would suffer undue prejudice if Plaintiffs were granted leave to file a second amended complaint to include vicarious liability claims at this late stage in the case. Although discovery does not close until November 8, 2019, Defendant has identified many issues it would need to explore in discovery, as well as re-deposing many witnesses. Defendant has a right to conduct discovery to mount its defense to the vicarious liability claims and the Court finds there is simply insufficient time to cure these issues before the discovery cut-off without subjecting Defendant to significant, undue expense and burden. The first objection is overruled.

**2. Negative Effect on the Judicial Proceedings and Deadlines**

Plaintiffs next argues that Judge McCoy's finding there would be a negative effect on the judicial proceedings and pretrial and trial-related deadlines is *de novo* wrong because the discovery deadline has been extended to November 8, 2019, only two witnesses might require re-deposing, and additional fact and expert discovery is unlikely needed to address Plaintiffs' amended claims. Even so, the Court does not find Plaintiffs' arguments persuasive as having to re-depose many witnesses before discovery cut-off (some located throughout the country) is not feasible without imposing significant expense and prejudice to Defendant. The second objection is overruled.

**3. Excusable Neglect**

Finally, Plaintiffs argue that Judge McCoy erred in finding that Plaintiffs had not adequately demonstrated excusable neglect and this case should be tried on its merits in the interest of justice rather than compromised by procedural technicalities. Even so, the only reason Plaintiffs' counsel has offered for the delay is

> In this case, the good cause requirement is satisfied because Plaintiffs were not aware of the fact that causes of action for vicarious liability against Defendant Lee, under theories of actual and apparent agency for any negligence attributed to the anesthesiology team, had not been pled until after the anesthesiology team had been dismissed pursuant to a settlement agreement on March 7, 2019. Undersigned counsel believed they had been pled, and therefore, did not realize they had not been pled prior to the June 11, 2018 deadline, nor at the time of receipt of the contract agreement between Defendant Lee and the anesthesiology team on October 3, 2018. Nevertheless, just as soon as it became apparent that causes of action for vicarious liability had not been pled, Plaintiffs were diligent in seeking the amendment. Undersigned counsel for Plaintiffs admittedly overlooked and neglected, without any intent or purposeful design, to recognize the lack of pleading prior to the settlement date of March 7, 2019. Undersigned counsel prays that the Court will not punish his clients for counsel's inadvertence with regard to the time restraints imposed by the Court.

(Doc. 81 at 2-3).

After an independent *de novo* review, the Court agrees that it is undisputable that the delay here was entirely within Plaintiffs' control and that Plaintiffs' counsel did not act diligently to pursue the amendments once they realized vicarious liability was not pled. Even after the settlement with the anesthesiology Defendants, Plaintiffs waited another two months, until May 6, 2019, to file their Motion for Leave to Amend. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395 (relevant factors in evaluating excusable neglect include the length of the delay and whether the delay was within control of the movant). Plaintiffs made no effort to explain this delay to Judge McCoy and have likewise made no effort to do so before the undersigned. The third objection is overruled.

Therefore, after an independent, *de novo* review of the file and case law the Court agrees with Judge McCoy and concludes that the Report and Recommendation is correct, and the proposed second amended complaint should not be allowed.

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs' Objections (Doc. 99) are **OVERRULED**.

(2) United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 94) is **ACCEPTED and ADOPTED** and its findings incorporated herein.

(3) Plaintiffs' Motion for Leave to File Second Amended Complaint and to Restyle the Case Caption (Doc. 76) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of September, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record